JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MINCY, EUGENE

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

VISIONQUEST NATIONAL, LTD. AND ABRAXAS YOUTH AND FAMILY SERVICES

County of Residence of First Listed Defendant   Pima County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question *(U.S. Government Not a Party)*

☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | **PERSONAL INJURY** | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 310 Airplane ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 880 Defend Trade Secrets Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |  |  | ☐ 720 Labor/Management Relations | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 751 Family and Medical Leave Act | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 790 Other Labor Litigation | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 791 Employee Retirement Income Security Act | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement |  |  |

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1441

Brief description of cause:
Plaintiff alleges injuries as a result of physical, sexual and emotional abuse while a minor in the custody of Defendant facility.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ in excess of $150,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   3-18-2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____ 4400 East Broadway Boulevard, Suite 501, Tucson, AZ  85711 _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/18/2022 _____   ___*signature*___   58261
_____   _Attorney-at-Law / Pro Se Plaintiff_   _Attorney I.D. # (if applicable)_

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☑ 6. Other Personal Injury *(Please specify):* physical, emotional and sexual abuse of mino
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Gerald J.Valentini, Esq. _____, counsel of record *or pro se plaintiff*, do hereby certify:

- ☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: 03/18/2022 _____   ___*signature*___   58261
_____   _Attorney-at-Law / Pro Se Plaintiff_   _Attorney I.D. # (if applicable)_

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |
|---|---|
| Eugene Mincy<br><br>v.<br><br>VisionQuest National, Ltd.,et al. | CIVIL ACTION NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.          ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court. (See reverse side of this form for a detailed explanation of special
   management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( x )


| 3/18/2022 | _(signature)_ | VisionQuest National Ltd |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Defendant** |
| (215) 587-9400 | (215) 587-9456 |  |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EUGENE MINCY | CIVIL ACTION |
| v. | NO. |
| VISIONQUEST NATIONAL, LTD., et al. | |

### *NOTICE OF REMOVAL OF DEFENDANT*
### *VISIONQUEST NATIONAL, LTD.*

Defendant, VisionQuest National, LTD., by its attorneys, Deasey, Mahoney & Valentini, LTD., hereby removes the above-captioned action, which is presently in the Court of Common Pleas of Chester County, Pennsylvania, No. 2021-09634-TT, pursuant to 28 U.S.C. §1441 et seq. and in support thereof states as follows:

1.      On December 6, 2021, Plaintiff commenced this action by filing a Writ of Summons against VisionQuest National, LTD. in the Court of Common Pleas of Chester County, Pennsylvania ("the Chester County Action").  A copy of that Writ of Summons is attached as Exhibit "1."

2.      On March 15, 2022, Plaintiff filed his Complaint against VisionQuest National, LTD. in the Chester County action.  A copy of Plaintiff's Complaint is attached as Exhibit "2."

3.      This Notice is being filed within thirty days after VisionQuest National, LTD. received Plaintiffs' Complaint, and within one year of the institution of Plaintiff's suit, in compliance with 28 U.S.C. §1446(b).

4.      In its Complaint, Plaintiff merely alleges that he is an adult individual and a resident of the Commonwealth of Pennsylvania. (See Exhibit 2, ¶ 5).

5.      VisionQuest National, LTD. is a corporation organized and existing under the laws of the State of Arizona and, alleged in Plaintiff's Complaint, its corporate headquarters office is located at 4400 East Broadway Boulevard Suite 501, Tucson, Arizona.

6.      Plaintiff further alleges in his Complaint that VisionQuest National, LTD maintains Pennsylvania corporate headquarters located at 150 East Pennsylvania Suite 430 Downingtown, Pennsylvania. (See Exhibit 2, ¶ 6).

7.      However, while VisionQuest previously maintained a facility located at 150 East Pennsylvania Suite 430 Downingtown, Pennsylvania, that facility closed in September 2015, and has remained closed ever since that time.  At no time since September 2015 did VisionQuest National, LTD. maintain a corporate headquarters in Downingtown, Pennsylvania. See a copy of the affidavit of Carol Keller is attached as Exhibit "3".

8.      In this action, Plaintiff seeks damages as a result of alleged harm caused to Plaintiff by the actions of Defendants employees, agents, staff and/or volunteers. (See Exhibit 2, ¶ 7).

9.      In Count I of his Complaint in the Chester County action, Plaintiff alleges that he sustained damages as the direct and proximate result of the carelessness, negligence, and/or recklessness of Defendant VisionQuest National, LTD.  In this Count, Plaintiff seeks damages "for an amount in excess of the applicable Arbitration Limits of this County, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages."

10.     In Count II of his Complaint in the Chester County action, Plaintiff alleges that VisionQuest National, LTD. negligently supervised, hired, and retained its employees which caused Plaintiff to suffer injuries. In this Count, Plaintiff seeks damages "for an amount in excess of the applicable Arbitration Limits of this County, plus costs and interest for all types of damages

legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages."

11.     In Count III of his Complaint in the Chester County action, Plaintiff alleges that VisionQuest National, LTD. is liable for the negligent, reckless, careless, and/or intentional conduct of the employees under the theory of vicarious liability, including the doctrine of Respondeat Superior.  In this Count, Plaintiff seeks damages "for an amount in excess of the applicable Arbitration Limits of this County, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages."

12.     Since the amount in controversy in this case is in excess of $75,000, and because Plaintiff and VisionQuest National, LTD. are domiciliaries of different States, this Court may exercise jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332.

13.     This action may be removed to this Court by VisionQuest National, LTD. pursuant to 28 U.S.C. §1441(a) in that this case was initially brought in a state court within the geographical area of the Eastern District of Pennsylvania, and in that this Court has jurisdiction pursuant to 28 U.S.C. §1332(a).

14.     VisionQuest National, LTD. has given written notice of the filing of this Notice of Removal pursuant to 28 U.S.C. §1446(d), by filing this Notice of Removal with the Court of Common Pleas of Chester County and by giving written notice to counsel for Plaintiff.  A copy of the Praecipe to File Notice of Removal as filed by VisionQuest National, LTD., is attached as Exhibit "4".  A copy of the Notice to Plaintiff, given by VisionQuest National, LTD., is attached as Exhibit "5".

*WHEREFORE*, Defendant VisionQuest National, LTD. respectfully requests that the Chester County action be removed to this Court.

DEASEY, MAHONEY & VALENTINI, LTD.

BY:_____

GERALD J. VALENTINI, ESQUIRE
CHRYSTALE B. HEWITT, ESQUIRE
J.D. FEENANE, ESQUIRE
Attorneys for Defendant,
VisionQuest National LTD.
1601 Market Street, Suite 3400
Philadelphia, PA  19103
(215) 587-9400/(215) 587-9456 – fax
gvalentini@dmvlawfirm.com

Date:   _March 18, 2022

**DEASEY, MAHONEY & VALENTINI, LTD.**                          *Attorneys for Defendant,*
By: Gerald J. Valentini, Esquire                              *VisionQuest National, LTD.*
  Chrystale B. Hewitt, Esquire
J.D. Feenane, Esquire
Attorney I.D. Nos. 58261/82351/319480
1601 Market Street, Suite 3400
Philadelphia, PA 19103-2301
Phone (215) 587-9400
Fax (215) 587-9456
gvalentini@dmvlawfirm.com

EUGENE MINCY

v.                                        COURT OF COMMON PLEAS
                                          CHESTER COUNTY

VISIONQUEST NATIONAL, LTD AND             NO. 2021-09634-TT
ABRAXAS YOUTH AND FAMILY SERVICES

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2022, a copy of the foregoing Praecipe to File Notice of

Removal was mailed first-class, postage prepaid, to counsel for Plaintiff at the following address:

David Wesley Cornish, Esquire
Cornerstone Legal Group
230 Broad Street 17th Floor
Philadelphia, PA 19102

**DEASEY, MAHONEY & VALENTINI, LTD.**

BY_____
GERALD J. VALENTINI, ESQUIRE
CHRYSTALE B. HEWITT, ESQUIRE
Attorneys for Defendant,
VisionQuest National, LTD.

Date: March 18, 2022

# EXHIBIT 1



Filed and Attested by
PROTHONOTARY
06 Dec 2021 04:42 PM
M. SCHIAVONI

### IN THE COURT OF COMMON PLEAS, CHESTER COUNTY
#### Fifteenth Judicial District of Pennsylvania
#### West Chester, Pennsylvania

EUGENE MINCY

                Plaintiff(s)

                  v.

VISIONQUEST NATIONAL LTD
ABRAXAS YOUTH AND FAMILY SERVICES

                Defendant(s)

CASE NUMBER  2021-09634-TT

CIVIL ACTION - LAW

### WRIT OF SUMMONS

**TO:**  VISIONQUEST NATIONAL LTD
       ABRAXAS YOUTH AND FAMILY SERVICES

**YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF(S) HAS/HAVE COMMENCED AN ACTION AGAINST YOU.**

**Date:** 12/06/2021

Debbie Bookman

*Debbie Bookman*

**Prothonotary**

by: *Margaret Schiavoni*

**Deputy**

*2021-09634-TT*

# EXHIBIT 2

Filed and Attested by
PROTHONOTARY
15 Mar 2022 02:48 PM
M. Azcona

| | | |
|---|---|---|
| Eugene Mincy (Plaintiff), | : | **Chester County Common P** |
| v. | : | **Civil Division – Jury Trial I** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 2021-09634-TT** |

## <u>COMPLAINT</u>

Filed on Behalf of the Plaintiff

Counsel of Record for This Party:

D. Wesley Cornish, Esquire
PA ID# 310865
<u>cornerstonelegalgroup@gmail.com</u>

Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
(P) 212-444-2039 (F) 212-535-7365
**<u>JURY TRIAL DEMANDED</u>**

| Eugene Mincy (Plaintiff), | : | **Chester County Common Pleas Court** |
|---|---|---|
| v. | : | **Civil Division – Jury Trial Demand** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 2021-09634-TT** |

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the clams set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND WHERE YOU CAN GET LEGAL HELP

**PA Lawyer Referral Services:**
PA Bar Association
100 South Street Harrisburg, PA 17108
Phone (800) 692-7375

**Chester County Bar Association**
Lawyer Referral & Information Service
15 West Gay Street, West Chester, PA 19381
Phone (610) 429-1500

## AMERICANS WITH DISABILITIES ACT OF 1990

The Court of Common Pleas is required by law to comply with the Americans with Disabilities Act of 1990. For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the Court, please contact the Court Administrator's Office. All arrangements must be made at least 72 hours prior to any hearing or business before the Court. You must attend the scheduled conference or hearing.

## AVISO

Lehan demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificaci6n. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificaci6n. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantespara usted. LLEVE EST A DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DfNERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUY A DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ASOCIACION DE LICENCIADOS DE FILADELFIA

**Chester County Bar Association**
Lawyer Referral Service
15 West Gay Street, West Chester, PA 19381
Phone (610) 429-1500

| | | |
|---|---|---|
| **Eugene Mincy (Plaintiff),** | : | **Chester County Common Pleas Court** |
| **v.** | : | **Civil Division – Jury Trial Demand** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 2021-09634-TT** |

## COMPLAINT

**AND NOW** come the Plaintiff, Eugene Mincy, via his attorney, David Wesley Cornish, Esquire and Cornerstone Legal Group, files the within Complaint and in support thereof avers the following:

### I.   Introduction

1. Treatment and rehabilitation centers have an inherent responsibility to maintain honesty, integrity, and inclusiveness within their walls. These treatment facilities perform an important job of taking at-risk youth and guiding them towards a productive future, cultivating senses of hope, friendliness, and enthusiasm that the clients will take with them once they leave the facility.

2. This inherent responsibility is shattered once such a facility fails to maintain such an environment. More emphatically, an even greater evil is committed when the treatment and rehabilitation center play an active and direct role by promoting and allowing reprehensible methods of rehabilitation. These methods, when condoned either by action or inaction by these centers, irreparably harms those at-risk individuals who willingly, or unwillingly, enter into these facilities seeking help.

3. The young, at-risk clients placed under the care of VisionQuest National, LTD ("VisionQuest"), which was a facility operated and staffed by all the named Defendants, who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its employees, staff, agents, contractors, and volunteers.

4.  The Plaintiff Mincy brings claims against the above-named Defendant for Respondeat Superior, negligence, negligent hiring, supervision, and retention.

## II.     Parties

5.  Plaintiff, **Eugene Mincy** is an adult individual and resident of the Commonwealth of Pennsylvania.

6.  Defendant, **VisionQuest National LTD** with a corporate headquarters office at 4400 East Broadway Boulevard Suite 501 Tucson, AZ 85711 and in Pennsylvania at corporate headquarters 150 East Pennsylvania Avenue, Suite 430 Downingtown, PA 19335.

7.  The young, at-risk clients placed under the care of VisionQuest National, LTD, ("VisionQuest") including Plaintiff who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its supervisors, employees, and staff.

8.  The above-named Plaintiff brings claims against the above-named Defendant for Respondeat Superior, negligence, and negligent hiring, supervision, and retention.

## III.     Facts

IV.   VisionQuest receives "clients" as part of a referral program wherein delinquent youths are legally sent to a specific VisionQuest facility as part of a rehabilitation or treatment process. VisionQuest conducts a *Prospective Client Interview* which includes the reason for the referral and determines, based on other factors, whether the client is fit for the recommended program. VisionQuest is a treatment center that serves almost exclusively legally referred clients. VisionQuest had numerous facilities across the Commonwealth of Pennsylvania with a corporate headquarters in Chester County.

*Eugene Mincy's Experience*

9. Plaintiff was placed at VisionQuest in approximately 2006-2007.

10. At all times relevant hereto, Plaintiff was a victim of abuse during his time at Defendant VisionQuest's facility by its staff members, agents, employees, supervisors, administrators, and/or servants.

11. For notice purposes, Plaintiff avers he was physically assaulted and subjected to excessive force while not resisting staff commands in both the presence and/or at the direction of Defendant's supervisors and/or administrators on numerous instances, with staff threatening physical harm to Plaintiff and others present if they disobeyed orders or reported any abuse and these were accepted staff practices customs, and protocols.

12. For notice purposes, Plaintiff avers the verbalized threats of physical harm and restraint by staff members in both the presence and/or at the direction of Defendant's supervisors and/or administrators on numerous instances amounted to menacing, and while not a physical and/or sexual assault, was done, to threaten Plaintiff and the others against disobeying staff orders and/or raising any grievance related to employee conduct.

13. For notice purposes, Plaintiff avers employees' uses of excessive and dangerous physical force and accompanying verbalized threats, were known, common, and accepted staff practices customs, and protocols by supervisors and administrators at Defendant's facility.

14. Plaintiff describes the following incidents involving sexual assault while he was housed at the Defendant's facility:

> i. Plaintiff was court ordered to live at VisionQuest from about 2006-2007.

ii. While housed at the Defendant's facility, staff members including **Ms. Nesbit, a female nurse, and Mr. Kramer** assaulted Plaintiff.

iii. Plaintiff describes the unnamed nurse at Defendant's facility as a white, female, in her late 30s-early 40s, "built like a linebacker", with a large torso and thin legs, with blonde shoulder length hair, a tattoo on her arm, and with light colored eyes.

iv. Ms. Nesbit, would take Plaintiff into a staff only area behind the school/classroom area where the cold storage was located and would sexually assault the Plaintiff.

v. In this area Ms. Nesbit would sexually assault Plaintiff in numerous manners, including engaging in touching each other's genitals, oral sex, and intercourse.

vi. Ms. Nesbit engaged in sexual intercourse with the Plaintiff on 3-5 occasions.

vii. Plaintiff does not recall the number of times Ms. Nesbit sexually assaulted outside the incidents where intercourse occurred.

viii. Plaintiff was sometimes not the only student present when Ms. Nesbit engaged in sexual contact with him, and Ms. Nesbit also had sexual contact with other students in front of and while also assaulting Plaintiff.

ix. Ms. Nesbit used to tell Plaintiff she wanted to have anal sex and if he did not comply with her requests he would suffer negative consequences.

x.   Ms. Nesbit told Plaintiff he would not get a "home pass" and she would ensure he got sentenced to a juvenile life imprisonment term, if he did not comply with her demands and/or revealed the abuse to anyone person.

xi.   Plaintiff was also sexually assaulted by the aforementioned female nurse.

xii.   Plaintiff while in his living unit, was in regular contact with the nurse and she made him help her cook food in the staff areas, which were either in and/or adjacent to the cold storage area where Plaintiff was sexually assaulted by Ms. Nesbit.

xiii.   In the process of cooking food with Plaintiff, the nurse would engage in sexual contact including each other's genitals, oral sex, and intercourse.

xiv.   The nurse and Plaintiff had sexual intercourse so many times, Plaintiff does not recall the exact number.

xv.   Plaintiff was sexually assaulted by the nurse, outside of engaging in sexual intercourse, so many times, Plaintiff does not recall the exact number.

xvi.   The nurse used to tell Plaintiff whenever she wanted to have sex contact if he did not comply with her requests, he would suffer negative consequences.

xvii.   The nurse told Plaintiff he would not get a "home pass" and she would ensure he got sentenced to a juvenile life imprisonment term, if he did not comply with her demands and/or revealed the abuse to anyone person.

xviii.   Mr. Kramer was a staff member assigned to Plaintiff's unit and also engaged in sexual and physical abuse.

xix.  Plaintiff while in his unit with a few other students, saw Mr. Kramer remove a student to the staff only area.

xx.  While Mr. Kramer and this student where in the staff only area Plaintiff could hear a commotion and this student crying and begging not to be sexually assaulted.

xxi.  Shortly thereafter, Plaintiff heard this student crying and begging Mr. Kramer to stop sexually assaulting him.

xxii.  After a few minutes of this student begging while crying to Mr. Kramer to stop sexually assaulting him, Plaintiff no longer heard any commotion.

xxiii.  Shortly thereafter, Mr. Kramer entered into the living area where Plaintiff and a few of his unit living mates were.

xxiv.  Mr. Kramer told all the students present when he returned from the staff area that if the told anyone about what they just saw and heard, Mr. Kramer would do the same thing to them, and would additionally physically assault them, and get their incarceration sentences extended.

xxv.  Plaintiff told counselor and staff member, Darcy Klein about the sexual and physical abuse he endured after each incident.

xxvi.  Ms. Klein informed Plaintiff she knew about the abuse he suffered in addition to sexual abuse many other students were enduring by the same staff members.

xxvii.  Subsequently, Darcy Klein left her employment position with Defendant, while Plaintiff remained housed at the facility.

xxviii.   Plaintiff avers none of the physical and/or sexual abuse incidents herein described or which otherwise occurred were reported to either law enforcement agents and/or the appropriate child abuse authorities.

15. Specifically, regarding staff member(s) **Ms. Nesbit, and the female nurse** it is averred the physical contact made with Plaintiff's genitals was indecent contact for the purpose of arousing the aforementioned individual(s).

16. The supervisors, employees, administrators, and/or staff members implicated who directly caused the harm to Plaintiff and/or threatened Plaintiff were acting within the scope of their duties as counselors and caretakers to Plaintiff.

17. It is averred Defendant's staff, supervisors, administrators, and employees actively discouraged and prevented disclosure to third-parties about any claims of child abuse against any staff member at any facility operated by the Defendant.

18. It is believed and therefore averred that Defendant allowed a cultivation of a culture at its facilities, which chilled the juvenile patient's ability to speak openly and report about alleged child abuse incidents.

### Count 1 – Negligence (Mincy v. VisionQuest)

19. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

20. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

21. The conduct of the staff, especially Ms. Nesbit, a female nurse, and Mr. Kramer, during its interactions with the Plaintiff and the actions of the staff against other juvenile students within Plaintiff's view including when Plaintiff was threatened by employee(s) with physical injury was extremely harmful to Plaintiff.

22. Based on the supervisors and administrators participation and knowledge of employee conduct, including common uses of excessive force and vocalized threatening statements, among other forms of child abuse, and failure to report to law enforcement, investigate, and stop this conduct caused Plaintiff harm.

23. The damages sustained by Plaintiff Mincy were directly, and proximately caused by the carelessness, negligence, and/or recklessness of the Defendant at the VisionQuest facility in the following particulars:

    a.  In failing to maintain a reasonably safe environment for the patients and juveniles of the facility;

    b.  In improperly having an environment where employees and staff members were allowed to fearmonger the students and clients;

    c.  In failing to recognize, stop, and deter the employees and staff created an environment where employees and staff were allowed to perform the activities alleged in this pleading;

    d.  In allowing staff and employees who Defendant knew or reasonably should have known to be inappropriate to have access to juvenile students and clients who are at-risk and who are in a position of inferiority;

    e.  In failing to provide any oversight to the employees or staff given the written reports, complaints, and witnessing of these acts of physical abuse, sexual abuse

conducted by supervisors and administrators, against the students and other juvenile clients;

f. In failing to take proper remedial measures to actively combat allegations of all forms of abuse by its employees, staff, or residents although there were numerous allegations of such abuse;

g. In failing to meet the required standards of care of a mental health and juvenile treatment and/or rehabilitation facility pursuant to 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other related child abuse mandatory reporting requirement laws applicable to child residential facilities, while Plaintiff was in its care;

h. In dismissing legitimate claims of abuse by Plaintiff and other students similarly situated who had been abused in Plaintiff's presence;

i. In exposing the Plaintiff to a method of punishment reasonably certain to cause harm more necessary than required and without proper justification; and

24. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following injuries:

a. Plaintiff suffered physical injuries, including, but not limited to, undiagnosed pain and/or other physical problems;

b. Plaintiff has been injured in the form of post-traumatic stress reactions, including adverse reactions to intrusive images, and feels sporadic emotional pain stemming from the physical abuse;

    c.  Plaintiff's social ability has been injured to the extent that Plaintiff cannot, or has difficulty with maintaining trust of others, forming friendships and relationships, and continues to isolate himself;

    d.  Plaintiff was deprived of educational opportunities, by the Defendant and was not educated by the staff yet was assaulted and;

25. As the sole, direct, legal, and proximate result of the negligence of Defendant at the VisionQuest facility, as aforesaid, Plaintiff has suffered the following damages:

    a.  Immense on-going embarrassment and humiliation;

    b.  Loss of self-esteem and shame;

    c.  Emotional distress;

    d.  Nightmares, loss of sleep, anxiety and other physical manifestations of the injuries caused by the events described above.

    e.  Aggravation and/or exacerbation of pre-existing mental anguish and trauma;

    f.  Severe mental anguish and trauma;

    g.  Anxiety, depression, nausea and loss of sleep;

    h.  A loss of enjoyment of life;

    i.  A loss of the ability to form relationships and inability to trust others;

    j.  A loss of earnings and earning capacity during those periods Plaintiff was unable to work due to trauma;

    k.  Loss of educational opportunities and;

    l.  Pain from being physically assaulted and restrained.

26. This incident was caused solely by the carelessness, negligence, and/or recklessness of Defendant and Plaintiff's injuries were in no manner or part whatsoever due to any act or failure on part of Plaintiff.

**WHEREFORE,** Plaintiff Mincy demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

### Count 2 – Negligent Supervision, Hiring, and Retention (Mincy v. VisionQuest)

27. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

28. The Defendant and its staff members, supervisors, and administrators had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

29. The conduct of the staff during its interactions with the Plaintiff and the actions of the staff against other juvenile students within Plaintiff's view was so outrageous it shocks the conscious.

30. The staff members' conduct, especially **Ms. Nesbit, a female nurse, and Mr. Kramer,** in assaulting Plaintiff Mincy, is so outrageous it shocks the conscious.

31. The Defendant gave improper and/or ambiguous orders and failed to make proper regulations related to investigating, preventing, and reporting child in particular regarding the Plaintiff.

32. The Defendants failed to oversee the activities of numerous staff members, including supervisors, employed by the Defendant.

33. The Defendant permitted and failed to prevent negligent or other tortious conduct by persons, including its staff, upon its premises and with instrumentalities under his control.

34. At all times relevant hereto, all treatment and counseling provided to Plaintiff and supervision of Plaintiff was under the direction and supervision of Defendant VisionQuest National LTD, acting through its agents, employees, servants, workman, and/or independent contractors, including, but not limited to, counselors.

35. Defendant had a duty to enact and maintain policies, procedures, practices, and/or guidelines ("policies", collectively) to ensure that juveniles, such as Plaintiff, received the appropriate and necessary treatment from his assigned counselor.

36. At all times relevant hereto, Defendant had a duty to adequately screen, train, supervise, and discipline employees and prospective employees who would be assigned duties wherein they would treat or supervise juveniles, like Plaintiff.

37. The incidents mentioned in the previous paragraphs were due solely or partially to the negligence, carelessness, recklessness, and/or other liability-producing conduct of Defendant in the following particulars:

   a. In failing to adequately promulgate policies for the screening of prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

   b. In failing to adequately screen prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use

reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

c.   In failing to adequately promulgate policies for the training of employees hired to treat patients to use reasonable care to safeguard the health, safety, and welfare of the patients to whom they were assigned to provide care for;

d.   In failing to adequately supervise employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to treat;

e.   In failing to adequately discipline employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to provide care for;

f.   In failing to adequately promulgate and enforce policies so as to prevent the physical, sexual, and emotional abuse of its patients caused by its own employees, agents, and staff hired to treat patients; and

g.   In failing to have and/or enforce policies, procedures, protocols, or guidelines necessary for the safety of patients such as Plaintiff.

38. Further, as supervisors, administrators, and other staff members, were alleged to have witnessed other employees using excessive physical force on students and/or sexually abusing them, failed to report this child abuse, which is against both VisionQuest policy, and Pennsylvania state law.

39. As the sole, direct, legal, and proximate result of the negligence of Defendant, as aforesaid, Plaintiff has suffered the injuries aforementioned in the preceding paragraphs.

**WHEREFORE,** Plaintiff Mincy demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

## Count 3- Respondeat Superior (Mincy v. VisionQuest)

40. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

41. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 *et seq*; 55 Pa.C.S.A. §3800 *et seq*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

42. The conduct of the staff during its interactions with the Plaintiff was very violent and emotionally traumatic.

43. At all times relevant hereto, employees and staff members implicated in the prior paragraphs were acting under the exclusive control, direction, and supervision of Defendant when the negligent acts alleged took place.

44. Employees, supervisors, and staff members engaged in the activity described in prior paragraphs while acting in the course and scope of their employment with Defendant by working with the juveniles at the facility.

45. While serving as servants and agents of Defendant, the supervisors, employees, and staff members implicated by the allegations in the prior paragraphs caused the Plaintiff to suffer the child abuse alleged herein by virtue of their job-created authority.

46. As a result of the foregoing, Defendant is liable for the negligent, reckless, careless, and/or intentional conduct of the employees under the theory of vicarious liability, including the doctrine of Respondeat Superior.

**WHEREFORE,** Plaintiff Mincy demands judgement against Defendant, VisionQuest National LTD, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

Respectfully Submitted,

D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
**Date**: March 15, 2022

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
**Date**: March 15, 2022

## VERIFICATION

The facts set forth in the foregoing Motion are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for unsworn falsification to authorities and perjury pursuant to state and United States law.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
**Date**: March 15, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this _____ day of _____, 20_____ a true and correct copy of the foregoing *Complaint* has been served via electronic/mail upon the following:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 19103

Respectfully Submitted,

_____
D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
**Date**: March 15, 2022

## VERIFICATION

The undersigned, having read the attached pleading verifies that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. Signer verifies that he has read the within pleading and that it is true and correct to the best of the signer's knowledge, information and belief. This verification is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities and under the penalty of perjury pursuant to the laws of the United States.

Signature

# EXHIBIT 3

**DEASEY, MAHONEY & VALENTINI, LTD.**
By:  Gerald J. Valentini, Esquire
  Chrystale B. Hewitt, Esquire
J.D. Feenane, Esquire
Attorney I.D. Nos. 58261/82351/319480
1601 Market Street, Suite 3400
Philadelphia, PA  19103-2301
Phone (215) 587-9400
Fax (215) 587-9456
gvalentini@dmvlawfirm.com

*Attorneys for Defendant,*
*VisionQuest National, LTD.*

EUGENE MINCY

v.

VISIONQUEST NATIONAL, LTD AND
ABRAXAS YOUTH AND FAMILY SERVICES

COURT OF COMMON PLEAS
CHESTER COUNTY

NO. 2021-09634-TT

### AFFIDAVIT

I, Carol Keller, being duly sworn, according to oath, hereby deposes and states:

1. I am the Interim Chief Executive Officer VisionQuest National, LTD., and have held this position since June 1, 2021.

2. I am also the Chief Operating Officer of VisionQuest National, LTD., and have held this position since May 1, 2020.

3. I am familiar with the company's dealings, transactions, facilities and corporate locations.

4. VisionQuest National, LTD.'s corporate headquarters and principal place of business is located at 4400 East Broad Boulevard, Suite 501, Tucson, Arizona 85711-3554.

5. VisionQuest National, LTD. does not maintain corporate headquarters or a principal place of business in the Commonwealth of Pennsylvania.

6. VisionQuest National, LTD. previously operated a facility located at 150 East Pennsylvania Avenue, Suite 430, Downingtown, Pennsylvania, 19335.  However, that facility closed in September 2015 and has not operated since that time.

7. The facility located at 150 East Pennsylvania Avenue, Suite 430, Downingtown,

Pennsylvania, 19335, did not serve as corporate headquarters or a principal place of

business for VisionQuest National, LTD. at any time.

BY: _____

CAROL KELLER
INTERIM CHIEF EXECUTIVE OFFICER
AND CHIEF OPERATING OFFICER,
VISIONQUEST NATIONAL, LTD.


Sworn to and subscribed before me
this _18th_ day of _March_____, 20 _22_

_____

NOTARY PUBLIC
My Commission Expires: _6-16-2024_



JANA S. CLARK
NOTARY PUBLIC - ARIZONA
PIMA COUNTY
COMMISSION #584763
MY COMMISSION EXPIRES
JUNE 16, 2024

# EXHIBIT 4

**DEASEY, MAHONEY & VALENTINI, LTD.**                          *Attorneys for Defendant,*
By:  Gerald J. Valentini, Esquire                              *VisionQuest National, LTD.*
  Chrystale B. Hewitt, Esquire
J.D. Feenane, Esquire
Attorney I.D. Nos. 58261/82351/319480
1601 Market Street, Suite 3400
Philadelphia, PA  19103-2301
Phone (215) 587-9400
Fax (215) 587-9456
gvalentini@dmvlawfirm.com

| | |
|---|---|
| EUGENE MINCY | COURT OF COMMON PLEAS |
| v. | CHESTER COUNTY |
| VISIONQUEST NATIONAL, LTD AND ABRAXAS YOUTH AND FAMILY SERVICES | NO. 2021-09634-TT |

## PRAECIPE TO FILE NOTICE OF REMOVAL

TO THE PROTHONOTARY:

Kindly file the attached copy of the Notice of Removal, the original of which was filed

with the Clerk of the United States District Court for the Eastern District of Pennsylvania on March

18, 2022.  This Notice of Removal was filed pursuant to 28 U.S.C. §1446 (d).

DEASEY, MAHONEY & VALENTINI, LTD.

BY_____
**GERALD J. VALENTINI, ESQUIRE**
CHRYSTALE B. HEWITT, ESQUIRE
J.D. FEENANE, ESQUIRE
Attorneys for Defendant,
VisionQuest National, LTD.

Date:  March 18, 2022

# EXHIBIT 5

**DEASEY, MAHONEY & VALENTINI, LTD.**
By: Gerald J. Valentini, Esquire
  Chrystale B. Hewitt, Esquire
J.D. Feenane, Esquire
Attorney I.D. Nos. 58261/82351/319480
1601 Market Street, Suite 3400
Philadelphia, PA 19103-2301
Phone (215) 587-9400
Fax (215) 587-9456
gvalentini@dmvlawfirm.com

*Attorneys for Defendant,*
*VisionQuest National, LTD.*

EUGENE MINCY

    v.

VISIONQUEST NATIONAL, LTD AND
ABRAXAS YOUTH AND FAMILY SERVICES

COURT OF COMMON PLEAS
CHESTER COUNTY

NO. 2021-09634-TT

## NOTICE TO PLAINTIFF

TO:    David Wesley Cornish, Esquire
        Cornerstone Legal Group
        230 Broad Street 17th Floor
        Philadelphia, PA 19102

Please take notice that Defendant, VisionQuest National, LTD., has filed a Notice of Removal in the United States District Court for the Eastern District of Pennsylvania, removing this civil action now pending in the Court of Common Pleas of Chester County pursuant to 28 U.S.C. §1441, et seq. Also, please take notice that Defendant has filed in the United States District Court for the Eastern District of Pennsylvania a copy of the Complaint served upon it which was filed in the Court of Common Pleas of Chester County.

Copies of this Notice of Removal and Complaint are attached to this Notice and along with this Notice are being served upon you.

DEASEY, MAHONEY & VALENTINI, LTD.

BY:_____
GERALD J. VALENTINI, ESQUIRE
CHRYSTALE B. HEWITT, ESQUIRE
Counsel for Defendant,
Date:   March 18, 2022        VisionQuest National, LTD.